IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL CASE NO. |
| v. | : | 1:21-CR-109-AT-JSA |
| GEE-KUNG CHANG, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Chang's Motion to Dismiss for Grand Jury Abuse Or Alternatively to Suppress. [49] ("Motion"). Defendant argues that the Government improperly used grand jury subpoenas issued after the return of the Indictment for purposes of continuing to gather evidence for trial. After an *ex parte* hearing with the Government, the Court finds that the Government's post-Indictment subpoenas were for proper investigative purposes related to uncharged conduct and/or individuals. Thus, the Court **RECOMMENDS** that the Motion be **DENIED**.

The Grand Jury is an investigative, not prosecutorial, body, and thus prosecutors "may not use the Grand Jury for the primary purpose of strengthening [their] case on a pending indictment or as a substitute for discovery." *See United*

1

*States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977)[1]; *Beverly v. United States*, 468 F.2d 732, 743 (5th Cir. 1972) ("It is a misuse of the grand jury to use it as a substitute for discovery."); *United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976) ("[I]t is improper to use the grand jury for the purpose of preparing an already pending indictment for trial.")

However, even after the return of an indictment including some charges against some defendants, the grand jury "may continue to investigate additional criminal culpability on the part of the previously indicted defendant or the defendant's coconspirators." *Beverly v. United States*, 468 F.2d 732, 743 (5th Cir. 1972). Further, the Government is not prohibited from using information obtained in a proper ongoing grand jury investigation for other incidental purposes, such as in the trial of an already-indicted defendant. *See United States v. Alred*, 144 F.3d 1404, 1413 (11th Cir. 1998) (the grand jury "may continue an investigation from which information relevant to a pending prosecution 'may be an incidental benefit.'") (*quoting United States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977).

Defendant's Motion identifies two grand jury subpoenas that the Defendant is aware of that the Government has served after the return of the Indictment in this

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (the published decisions of the former 5th Circuit pre-dating October 1, 1981 constituting precedential authority within the 11th Circuit).

case. First, the Government served a subpoena on Defendant's former employer (Georgia Tech) seeking, among other things, email communications and other documents relating to various individuals, including individuals referred to in the Indictment. *See* Def. Motion, Ex. A [49-1]. Second, Defendant also proffers that the Government served a similar subpoena on the Co-Defendant's former employer, ZTE, although Defendant states that he never been furnished a copy of the subpoena itself. Motion [49] at 2-3. Defendant argues that this material "was clearly gathered in an effort by the government to prepare its already pending indictment for trial." *Id*. Because it is impermissible to use the grand jury for such a purpose, Defendant argues that the Indictment should be dismissed or, alternatively, that the evidence obtained via these and any other post-Indictment should be suppressed in his trial.

The Court must presume, "absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. R. Enterprises, Inc*., 498 U.S. 292, 300 (1991). The Court also notes that the mere fact of post-Indictment subpoenas does not necessarily suggest impropriety. This is particularly so in a complex fraud conspiracy involving numerous individuals, in which the culpability of any persons and/or any entities they control turns on an often difficult and fact-intensive analysis of their individual scienter. The allegation that certain investigative targets harbored criminal intent, in other words,

does not necessarily mean that an investigation is complete as to the culpability of all other potential investigative subjects.

Defendant's brief does not make a "strong showing" to overcome the presumption of regularity. Nevertheless, the Court recognizes that Defendant lacks substantial information as to the Government's investigation. Thus, the Court found it appropriate in an excess of caution to convene an *ex parte* hearing with the Government to hear the Government's specific explanation for its post-Indictment subpoenas in this case.

The details discussed at the December 7, 2022 proceeding remain confidential, and any transcript is to be maintained under seal. The Court finds, based on the information provided by the Government, that the post-Indictment grand jury activity in this case, including the subpoenas referred to by the Defendant, were part of and for the primary purpose of a proper ongoing investigation into additional matters not charged in the Indictment. Therefore, the Court sees no basis to dismiss the Indictment or suppress evidence, and finds that Defendant's Motion [49] should be denied.

## CONCLUSION

It is **RECOMMENDED** that the Motion [49] should be **DENIED**.

This 14th day of February, 2023.

						_____
						**JUSTIN S. ANAND**
						**UNITED STATES MAGISTRATE JUDGE**