IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL CASE NO. |
| | : 1:21-cr-109-AT |
| GEE-KUNK CHANG, | : |
| Defendant. | : |

# ORDER

Defendant Gee-Kunk Chang was indicted for conspiring to commit visa fraud, conspiring to commit wire fraud, and wire fraud. (Doc. 1). He now argues that the Government abused the grand jury process by issuing post-Indictment grand jury subpoenas to gather additional evidence against him while preparing its case for trial. He therefore asks the Court to dismiss the Indictment in this case or, in the alternative, to suppress the evidence obtained pursuant to the post-Indictment subpoenas. [Doc. 49].

Magistrate Judge Anand's Final Report and Recommendation ("R&R"), [Doc. 100], recommends the denial of Chang's Motion. Chang objected to the R&R, [Doc. 108], contending that he made an adequate showing to rebut the

presumption that the grand jury was acting within the legitimate scope of its investigative authority by issuing the post-Indictment subpoenas.

After an independent *de novo* review of the record, the Court finds that the R&R is overall correct and based on proper legal analysis. Thus, the Court **OVERRULES** Defendant's objections, [Doc. 108], **ADOPTS** the Magistrate Judge's R&R, [Doc. 100], and **DENIES** Defendant's Motion to Dismiss for Grand Jury Abuse or, in the Alternative, to Suppress, [Doc. 49].

## I. Factual & Procedural Background

In March 2021, Chang was indicted on one count of conspiring to commit visa fraud, in violation of 18 U.S.C. § 371; one count of conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349; and eight counts of wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1).

In his Motion, Chang cites at least two grand jury subpoenas that were issued after his March 2021 Indictment: (1) a January 2022 subpoena issued to Georgia Tech's Office of Legal Affairs and (2) one or more subpoenas issued to ZTE. *See* [Doc. 49 at 3].[1] Chang contends that the evidence obtained pursuant to these subpoenas was impermissibly gathered to help the Government bolster its pending case for trial. The Government responds that it was properly using the post-Indictment subpoenas to further the grand jury's ongoing investigation into the "wide-ranging conspiracy" at issue, and to collect evidence bearing on whether to

---

[1] The Government does not dispute that multiple post-Indictment grand jury subpoenas were issued.

2

bring additional charges against Chang or to indict other defendants. *See* (Doc. 58 at 2–3, 5).

In December 2022, Judge Anand conducted an *ex parte* teleconference during which the Government was able speak to the purported investigative purpose of the post-Indictment grand jury subpoenas. (Doc. 86). Although the details from teleconference remain confidential, the R&R explains that, based on the information presented by the Government, the subpoenas were issued "for the primary purpose of a proper ongoing investigation into additional matters not charged in the Indictment." *See* [Doc. 100 at 4]. After also finding that Chang had not otherwise made a "strong showing" to rebut the presumption that the grand jury was operating within its legitimate authority, the R&R recommends denying Chang's Motion. *See* [*id.*]. Chang timely objected to the R&R, [Doc. 108], and this review followed.

## II. Standard of Review

The Federal Magistrates Act[2] and Rule 72 of the Federal Rules of Civil Procedure divide pretrial matters assigned to magistrate judges into two categories: dispositive or non-dispositive. Different standards of review apply to each category.

Where, as here, timely objections are made to a magistrate judge's order on a dispositive pretrial matter—such as a motion to dismiss an indictment or to suppress evidence in a criminal case—a district judge has broad discretion to

---

[2] *See* 28 U.S.C. § 636(b)(1).

3

accept, reject, or modify a magistrate judge's proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 680 (1980); *Robertson v. All Am. Quality Foods, Inc.*, 246 F. Supp. 3d 1365, 1371 (N.D. Ga. 2017). The court reviews any portion of the R&R that is the subject of a proper objection *de novo* and any non-objected portion under the "clearly erroneous" standard. *See Robertson*, 246 F. Supp. 3d at 1371; *see also* Fed. R. Civ. P. 72, Advisory Committee Note to 1983 Addition ("The term 'de novo' signifies that the magistrate's findings are not protected by the clearly erroneous doctrine . . . .").

## III. Legal Standard

Although grand juries are given "wide latitude" in conducting their investigations, their powers are "not unlimited." *See United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299, 300 (1991). The presumption that a grand jury is acting within the legitimate scope of its authority can be rebutted by "a strong showing to the contrary." *Id.* at 300.

Defendants claiming grand jury abuse bear the burden of establishing that the Government's use of the grand jury was improper. *See United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1214 (11th Cir. 2009). One improper use is to harness the grand jury's investigatory power "for the primary purpose of strengthening [the Government's] case on a pending indictment or as a substitute for discovery." See *United States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977).[3]

---

[3] Published Fifth Circuit decisions predating October 1, 1981 are precedential authority within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

But "[w]hile the grand jury cannot be used 'solely or even primarily' to gather evidence against an indicted defendant, it can be used to investigate whether a defendant committed crimes not covered in the indictment," *US Infrastructure*, 576 F.3d at 1214 (footnote omitted), or to investigate the conduct of other potential defendants, *see Beverly v. United States*, 468 F.2d 732, 743 (5th Cir. 1972). This is so even if obtaining information relevant to a pending prosecution may be an "incidental benefit" of the continued investigation. *United States v. Alred*, 144 F.3d 1405, 1413–14 (11th Cir. 1998).

## IV. Discussion

Chang's objections to the R&R largely reiterate the arguments in his Motion. He argues that the R&R erred by concluding that he failed to rebut the presumption of regularity, because "[i]t is simply not believable" that the Government issued the post-Indictment grand jury subpoenas "years after beginning its investigation" to pursue additional charges against Chang or other potential defendants, rather than as a means to improperly gather additional evidence against him. *See* [Doc. 108 at 4–5]. But as in his original Motion, Chang's arguments rest largely on circumstantial speculation and fail to point to concrete evidence of improper prosecutorial motive or grand jury abuse.

Under the circumstances, Chang's concerns are not unreasonable. But after a *de novo* review of the record—including the sealed transcript of the December 2022 *ex parte* teleconference—the Court cannot say that Chang has carried his heavy burden to rebut the presumption of regularity that "narrowly

5

circumscribe[s]" judicial review of grand jury matters. *See United States v. Tabares,* No. 1:15-CR-00277-SCJ-JFK, 2016 WL 11258758, at *10 (N.D. Ga. June 3, 2016), *report and recommendation adopted*, No. 1:15-CR-0277-SCJ-JFK, 2017 WL 1944199 (N.D. Ga. May 10, 2017) (citation omitted). Thus, the Court must conclude at this juncture that the grand jury's post-Indictment activities fell within its legitimate authority.

## V.   Conclusion

Accordingly, the Court **OVERRULES** Defendant's objections, [Doc. 108], **ADOPTS** the Magistrate Judge's R&R, [Doc. 100], and **DENIES** Defendant's Motion to Dismiss for Grand Jury Abuse or, in the Alternative, to Suppress, [Doc. 49].

**IT IS SO ORDERED** this 1st day of March, 2024.

_____
**Honorable Amy Totenberg**
**United States District Judge**